

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Todd v. Benning

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Todd v. Benning" (2006). *2006 Decisions.* Paper 1308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1805

_____

TRACY L. TODD,
                                        Appellant

v.

L.P. BENNING, Warden; ROBERT HAMPTON; JEFFREY A. BEARD,
Secretary of Corrections; RICHARD LILLEY; RONALD NOVAK;
SCOTT NICKELSON

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-01060)
District Judge: Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a)
October 12, 2005

BEFORE: ROTH, McKEE and ALDISERT, CIRCUIT JUDGES

(Filed April 6, 2006)

_____

OPINION
_____

PER CURIAM

      In July 2003, Tracy Todd, a Pennsylvania state prisoner proceeding pro se, filed

the underlying complaint pursuant to 42 U.S.C. § 1983 in the United States District Court

for the Western District of Pennsylvania alleging violations of his Eighth and Fourteenth Amendment rights. In his complaint, Todd alleged that correctional officers at SCI-Greensburg physically and verbally assaulted him, denied him medical attention for injuries he sustained during one such physical assault, and did "things" to his food to make him sick. Todd asserted in his complaint that he filed inmate grievance # 47563 on March 24, 2003. According to Todd, although he filed a timely appeal from the grievance coordinator's initial decision denying his grievance, the SCI-Greensburg warden used one of his "ploys" to dismiss the appeal as untimely. Todd sought compensatory and punitive damages, as well as a transfer to a federal prison. The appellees subsequently filed a motion to dismiss Todd's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Todd failed to exhaust his administrative remedies prior to filing his complaint.

On January 5, 2004, a Magistrate Judge recommended that Todd's complaint be dismissed, concluding that Todd failed to exhaust his administrative remedies. The following week, Todd filed an amended complaint in the District Court seeking to add two defendants to his action. In his amended complaint, Todd asserted that in addition to grievance # 47563, he also filed inmate grievances # 52914 and # 63316 concerning the underlying events.[1] According to Todd, he submitted grievances # 47563 and # 52914 for

---

[1] Todd conceded, however, that he did not submit grievance # 63316 for final review to the Chief Hearing Examiner prior to filing his complaint.

2

final review to the Chief Hearing Examiner. If the Chief Hearing Examiner did not receive his appeals, Todd argued, it was because SCI-Greensburg staff tampered with his mail. The Magistrate Judge, however, concluded that Todd's amended complaint "did not add anything of substance regarding the basis of his complaint." Accordingly, the Magistrate Judge "incorporated" the amended complaint into the January 5 report and recommendation.

Todd filed objections to the report and recommendation. Specifically, Todd again argued that he exhausted his administrative remedies by submitting his "grievance to Camp Hill for final review, and . . . that if it did not get [there], then the staff at SCI-Greensburg are responsible for it not being sent." Over Todd's objections, on February 10, 2004, the District Court adopted the report and recommendation as the opinion of the court and granted the appellees' motion to dismiss. Todd then filed a timely motion pursuant to Federal Rule of Civil Procedure 59(e), in which he argued that the District Court applied the wrong legal standard in granting the motion to dismiss. The District Court denied Todd's motion on March 2, 2004. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal of Todd's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). Because we are reviewing the grant of a motion to dismiss, we accept as true all factual allegations in the complaint and view them in the light most favorable to Todd. Doug Grant, Inc. v. Greate Bay Casino

3

Corp., 232 F.3d 173, 183 (3d Cir. 2000).

The Prison Litigation Reform Act of 1995 ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials until the inmate has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered by the administrative procedures." Booth v. Churner, 523 U.S. 731, 741 (2001); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). Failure of a prisoner to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that failure to exhaust is an affirmative defense and finding that the District Court erred in imposing an improperly heightened pleading standard that required the prisoner not only to plead, but also to prove, exhaustion in the complaint); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

In support of their motion to dismiss, the appellees submitted the declaration of inmate records custodian Tshanna Kyler. In her declaration, Kyler stated that "by review of the records," Todd "never fully exhausted grievance 47563 to final review in accordance with DC-ADM 804." Kyler's statement, however, does not include a factual report describing the steps Todd did or did not take to exhaust grievance # 47563 in compliance with DC-ADM 804. Moreover, the appellees failed to address Todd's contention that he submitted grievance # 52914 for final review. In addition, Todd has

4

contested the information contained in Kyler's declaration and argued consistently in the District Court and on appeal that he timely submitted both grievances for final review. Because this is an appeal from an order granting a motion to dismiss, we view the facts in the light most favorable to Todd. Doug Grant, 232 F.3d at 183. Without further discovery, we conclude that there is insufficient evidence to find that Todd failed to exhaust his administrative remedies. See Ray, 285 F.3d at 297 (explaining that "[w]ithout further inquiry, the District Court was not in a position to reach the conclusion that Ray failed to exhaust his administrative remedies"). Accordingly, because the appellees did not meet their burden of proving the affirmative defense of failure to exhaust, the District Court erred in granting their motion to dismiss.

Finally, Todd alleged in the District Court that prison officials thwarted his attempts at exhaustion by dismissing his timely appeals as untimely and interfering with his mail. Given the record before us, we express no opinion on the merits of Todd's argument that the formal grievance procedure required by DC-ADM 804 was not "available" to him within the meaning of § 1997e(a).[2] However, this issue should be addressed by the District Court on remand. See Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) ("The PLRA does not require exhaustion of all remedies. Rather, it requires

---

[2] On November 19, 2004, we entered an order directing briefing in this case. In the November 19 order we asked the parties to brief, inter alia, the issue of "whether the formal grievance procedure required by DC-ADM 804 was 'available' to [Todd] within the meaning of 42 U.S.C. § 1997e(a)." We note that despite this request, the appellees failed to address the availability issue in their brief on appeal.

5

exhaustion of such administrative remedies 'as are available.'") (quoting § 1997e(a)); <u>see also</u> <u>Mitchell</u>, 318 F.3d at 529 (concluding that the District Court erred in failing to consider prisoner's claim that he was unable to submit a grievance, and therefore lacked administrative remedies, because prison employees refused to provide him with necessary forms); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001) (holding remedy not "available" where prison officials purportedly prevented prisoner from employing the prison's grievance system). Likewise, the District Court should consider in the first instance the appellees' argument on appeal that Todd's claims are procedurally defaulted. <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004) (holding that administrative exhaustion under the PLRA requires that a prisoner properly exhaust his administrative remedies through the applicable state prison grievance system).

For the foregoing reasons, we will vacate the order of the District Court dismissing Todd's complaint and remand for further proceedings. In light of our disposition, we need not address the District Court's denial of Todd's motion for reconsideration.